UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

SUPASTAR WARE,                          )
                                        )
            Plaintiff,                  )
                                        )
      v.                                )        No. 4:25-cv-00383-JAR
                                        )
TREVOR FOLEY et al.,                    )
                                        )
            Defendants.                 )

## MEMORANDUM AND ORDER

Before the Court are Plaintiff Supastar Ware's motion for leave to proceed in forma pauperis (ECF No. 2), motion to appoint counsel (ECF No. 3), motion to amend the complaint (ECF No. 4), motion for entry of clerk's default (ECF No. 5), motion for preliminary injunction (ECF No. 6), and motion for default judgment (ECF No. 7). For the reasons set forth below, the Court grant's Plaintiff's motion for leave to proceed in forma pauperis and dismisses this action under 28 U.S.C. § 1915(e)(2).

### The Complaint

Plaintiff—a transgender woman currently incarcerated at the Eastern Reception, Diagnostic and Correctional Center in Bonne Terre, Missouri—brings this action under 42 U.S.C. § 1983 against more than 60 correctional officials. In a 29-page handwritten attachment, Plaintiff alleges numerous civil rights violations, including failure to protect, deliberate indifference to serious medical needs, unconstitutional conditions of confinement, denial of food, discriminatory treatment, retaliation for exercising First Amendment rights, sexual harassment, and failure to train and supervise staff. While some claims stem from a single event, others involve separate alleged

misconduct by different officials across various housing units and dates, with no clear connection to one another.

### Initial Partial Filing Fee

To proceed in forma pauperis ("IFP"), a non-prisoner litigant must file a motion and affidavit demonstrating their inability to pay the filing fee. 28 U.S.C. § 1915(a)(1). If the Court determines that the litigant lacks sufficient financial resources, it will waive the filing fee entirely.

Different rules apply to prisoner litigants under the Prisoner Litigation Reform Act ("PLRA"). In addition to the standard IFP affidavit, prisoners must submit a certified copy of their inmate account statement reflecting the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(a)(2). If the Court finds that the prisoner lacks sufficient funds, it will assess an initial partial filing fee equal to 20% of either the prisoner's average monthly deposits or average monthly balance, whichever is greater. 28 U.S.C. § 1915(b)(1). After this initial payment, the prisoner must make monthly payments equal to 20% of their income until the fee is paid in full. 28 U.S.C. § 1915(b)(2). The prison will forward these payments to the Court whenever the prisoner's account balance exceeds $10. *Id.* Even if the Court grants IFP status, a prisoner litigant must pay the entire filing fee over time. *See Crawford-El v. Britton*, 523 U.S. 574, 596 (1998) (The PLRA "requires all inmates to pay filing fees[.]"); *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998) ("The purpose of the Act was to require all prisoner-litigants to pay filing fees in full[.]").

Plaintiff has not submitted an inmate account statement as required by § 1915(a)(2). Nevertheless, having reviewed the information contained in her motion, the Court finds that Plaintiff is unable to pay the filing fee and will assess an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (explaining that when a prisoner is unable to provide the court with a certified copy of his inmate account statement, the court should assess

2

an amount "that is reasonable, based on whatever information the court has about the prisoner's finances"). If Plaintiff is unable to pay the initial partial filing fee, she must submit a copy of her inmate account statement to support that assertion.

### Legal Standard

Because Plaintiff is proceeding IFP, her complaint is subject to initial review under 28 U.S.C. § 1915(e)(2). That provision requires the Court to dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the complaint in a way that permits the claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). Even so, self-represented plaintiffs must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

### Discussion

Since June 2024, Plaintiff has initiated eight separate civil actions in this Court, six of which remain pending.[1] At least five of these cases involve similar allegations and overlapping

---

[1] *See Ware v. Jennings et al.*, No. 4:24-cv-00846-SRW (E.D. Mo. Jun. 18, 2024); *Ware v. Department of Corrections et al.*, No. 4:24-cv-00934-ACL (E.D. Mo. Jul. 9, 2024); *Ware v. Centurion Health Care*, No. 4:24-cv-01008-SEP (E.D. Mo. Jul. 23, 2024); *Ware v. Foley et al.*,

themes. *See Ware v. Precythe et al.*, No. 4:25-cv-00488-SRW (involving at least nine common defendants and allegations of sexual harassment, denial of food, and unconstitutional conditions of confinement); *Ware v. Galloway et al.*, No. 4:25-cv-00562-SRW (at least seven common defendants; allegations of sexual harassment, unconstitutional conditions of confinement, and deliberate indifference to serious medical needs); *Ware v. Department of Corrections et al.*, No. 4:25-cv-00605-SRW (at least four common defendants; allegations of unconstitutional conditions of confinement); *Ware v. Doe et al.*, No. 4:25-cv-00782-SRW (allegations of sexual harassment and deliberate indifference to serious medical needs).

An action is malicious if it is filed with the intent to harass or is part of a broader pattern of abusive and repetitive litigation. *Lindell v. McCallum*, 352 F.3d 1107, 1109 (7th Cir. 2003); *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) (per curiam). When determining whether an action is malicious, the Court may consider a plaintiff's past litigious conduct. *Cochran v. Morris*, 73 F.3d 1310, 1316 (4th Cir. 1996).

The Eighth Circuit Court of Appeals has held that district courts may dismiss a duplicative complaint under § 1915(d) when it raises issues that are directly related to those in another pending action brought by the same party. *Aziz v. Burrows*, 976 F.2d 1158, 1158–59 (8th Cir. 1992) (per curiam). In *Aziz*, the Eighth Circuit affirmed the dismissal of a complaint even though it involved different defendants and arose at a different facility, because the allegations were sufficiently related to claims in a pending consolidated case and could be addressed there. *Id.* The court

---

No. 4:25-cv-00383-JAR (E.D. Mo. Mar. 23, 2025); *Ware v. Precythe et al.* 4:25-cv-00488-SRW (E.D. Mo. Apr. 11, 2025); *Ware v. Galloway et al.*, No. 4:25-cv-00562-SRW (E.D. Mo. Apr. 22, 2025); *Ware v. Department of Corrections et al.*, No. 4:25-cv-00605-SRW (E.D. Mo. Apr. 29, 2025); and *Ware v. Doe et al.*, No. 4:25-cv-00782-SRW (E.D. Mo. May 28, 2025).

emphasized that dismissal was proper to avoid duplicative litigation and preserve judicial resources. *Id.*

This principle is consistent with the intent of § 1915(e): to discourage the abuse of IFP status by limiting frivolous, malicious, or repetitive lawsuits. *See Neitzke v. Williams*, 490 U.S. 319, 324 (1989). As the Supreme Court explained in *Neitzke*, "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." 490 U.S. at 324.

Here, many of Plaintiff's claims overlap with allegations raised in her other pending lawsuits. Although not all of the claims are identical in time, location, or personnel, they are nevertheless related to, and could be addressed within, the scope of her other pending actions. The Court finds that dismissal under § 1915(e)(2)(B)(i) is therefore appropriate to prevent redundant litigation, conserve judicial resources, and discourage the strategic fragmentation of related claims across multiple filings.

Even if Plaintiff's allegations in this case were entirely distinct, dismissal would still be appropriate due to the improper joinder of claims. While the Court would ordinarily permit a plaintiff to amend her complaint to correct such a deficiency, Plaintiff's prior conduct indicates that doing so would be futile. For instance, in *Ware v. Precythe*, No. 4:24-cv-00846-SRW, the Court explicitly advised Plaintiff that, under Federal Rule of Civil Procedure 20, unrelated claims against different defendants must be brought in separate actions. The Court granted leave to amend, yet Plaintiff proceeded to file an amended complaint asserting 30 unrelated claims. The Court ultimately dismissed the action pursuant to Rule 41(b) for failure to comply with its prior order. The Eighth Circuit summarily affirmed the dismissal.

Nevertheless, Plaintiff continues to file duplicative and meritless motions across her six remaining cases despite clear warnings and judicial guidance. Accordingly, the Court concludes that allowing amendment here would only prolong proceedings and further burden judicial resources.[2]

The Court cautions Plaintiff that the continued filing of duplicative, frivolous, or malicious lawsuits may result in the Court deeming her a vexatious litigant. Federal courts have the inherent authority to impose filing restrictions on litigants who abuse the judicial process, particularly where a party engages in repetitive, meritless filings that burden the Court and opposing parties. *See In re Tyler*, 839 F.2d at 1293. If Plaintiff persists in filing actions that merely reassert claims already pending or previously dismissed, the Court may impose appropriate restrictions, including requiring pre-filing authorization before any future complaints are accepted for filing. This warning serves as notice that further abuse of the litigation process may result in such sanctions.

## Conclusion

For the foregoing reasons, the Court grants Plaintiff's motion for leave to proceed in forma pauperis and dismisses this action under 28 U.S.C. § 1915(e)(2). The Court denies Plaintiff's remaining motions.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is **GRANTED**.

---

[2] Plaintiff has filed a motion for leave to file an amended complaint (ECF No. 4). In her motion, Plaintiff seeks to add two defendants, both of whom are already named it at least one of her other pending matters. Accordingly, the Court will deny the motion as futile. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (listing futility as a valid basis for denying leave to amend under Rule 15(a)).

6

**IT IS FURTHER ORDERED** that Plaintiff shall pay an initial partial filing fee of $1.00 **within thirty (30) days** of the date of this Order. Plaintiff shall make her remittance payable to "Clerk, United States District Court," and include the following: (1) her name; (2) her prison registration number; (3) the case number; and (4) a statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that Plaintiff's motion for leave to file an amended complaint (ECF No. 4) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's remaining motions are **DENIED** as moot.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** without prejudice. *See* 28 U.S.C. § 1915(e)(2)(B)(i). A separate order of dismissal will follow.

Dated this 18th day of June, 2025.

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE